IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANKIE BROWN, | : | |
|     Petitioner | : | No. 1:23-cv-01196 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| WARDEN OF FCC-ALLENWOOD MEDIUM, | : | |
| | : | |
|     Respondent | : | |

## MEMORANDUM

Before the Court is a habeas corpus petition filed under 28 U.S.C. § 2241 through which Petitioner Frankie Brown ("Brown") challenges a prison disciplinary sanction and additionally seeks a transfer to another prison and damages. The Court will dismiss the petition without prejudice.

I.     BACKGROUND

Brown was incarcerated in Allenwood Federal Correctional Institution ("FCI-Allenwood") at the time he filed his petition.[1] Brown asserts that the Bureau of Prisons ("BOP") is violating his rights under the United States Constitution and the First Step Act by not housing him at a prison that is within 500 miles of his home. (Doc. No. 1 at 1.) He additionally brings unspecified challenges to a disciplinary sanction he received while in BOP custody that resulted in the loss of fourteen days of good conduct time, six months of visitation privileges, three months of commissary privileges, and three months without a mattress. (Id. at 2.) Brown

---

[1] Brown has since been transferred to Oklahoma City Federal Transfer Center in Oklahoma City, Oklahoma. This court retains jurisdiction over his petition because it was filed when he was incarcerated in this district. See Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434, 446 (3d Cir. 2021).

requests $100,000 in damages, transfer to an institution close to his home, and expungement of his disciplinary sanctions. (Id.)

## II.   LEGAL STANDARD

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. See 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. See 28 U.S.C. § 2254 Rule 1.

## III.   DISCUSSION

Dismissal of this case under Rule 4 is appropriate. Brown's request for damages and a transfer to another institution are not cognizable claims in a habeas corpus petition. The purpose of a writ of habeas corpus is to secure release from unlawful detention. See Hope v. Warden York Cnty. Prison, 972 F.3d 310, 323 (3d Cir. 2020). Claims that do not attack the legality of a petitioner's detention are not cognizable habeas corpus claims. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Brown's request for expungement of his disciplinary sanctions is a cognizable habeas corpus claim. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (noting that sole remedy available for claim seeking restoration of good conduct time is a writ of habeas corpus). That claim, however, plainly fails on its merits because Brown does not offer any legal basis to challenge the disciplinary sanctions or any arguments as to how the disciplinary sanctions violated his due process rights under Wolff v. McDonnell, 418 U.S. 539, 563–67 (1974) or Superintendent v. Hill, 472 U.S. 445, 455–56 (1985). Accordingly, the Court will dismiss Brown's petition without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the petition for writ of habeas corpus (Doc. No. 1) without prejudice to Brown's right to file a new petition that alleges facts to support his claim seeking expungement of his disciplinary sanctions. An appropriate order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
